■ GABRIEL SARMIENTO, Plaintiff, v KLAR REALTY CORP. et al., Defendants, and VICTOR ZUCCHI AND SON, INC., Defendant and Third-Party Plaintiff-Respondent. DAN OLAH EXTERIORS, INC., Third-Party Defendant-Appellant. [829 NYS2d 134]—

In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated June 23, 2005, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when he fell from a roof of a premises in Chester, New York, within the scope of his employment with the third-party defendant, Dan Olah Exteriors, Inc. (hereinafter Olah). Summary judgment was awarded in the plaintiff's favor under Labor Law § 240 against the owner of the housing development and the surety that had assumed the general contractor's duties, but there was no finding of liability as to the defendant third-party plaintiff, Victor Zucchi and Son, Inc. (hereinafter Zucchi).

Zucchi impleaded Olah for contractual indemnification alleging that its purchase order obligated Olah, inter alia, to indemnify Zucchi for bodily injury claims arising out of the negligent performance of the work by Olah. Zucchi settled the plaintiff's primary action for the sum of $275,000 as a result of its contractual duty to defend and indemnify other defendants, which resulted in a discontinuance of the plaintiff's action against all of the defendants. Zucchi, however, continued its cause of action for indemnity against Olah. By amended third-party complaint, Zucchi added a second cause of action for common-law indemnity.

Olah moved for summary judgment dismissing all causes of action against it on three grounds: (1) Zucchi's voluntary settlement of the primary action in the absence of any liability findings against it extinguished Zucchi's right to indemnification, (2) the purported indemnity language of the purchase order was never exchanged by Zucchi at the time the parties contracted and was never agreed upon by them, and (3) Zucchi's common-law indemnification cause of action was barred by Workers' Compensation Law § 11. The Supreme Court denied the motion, concluding that Zucchi's indemnity cause of action survived the settlement with the plaintiff, and further, that a triable issue of fact existed as to whether the disputed indemnity language had been made part of the agreement between Zucchi and Olah. The court did not specifically address the arguments regarding Workers' Compensation Law § 11. We affirm.

The Supreme Court properly denied Olah's motion for summary judgment dismissing the contractual indemnity cause of action. Olah established its prima facie entitlement to summary judgment by submitting Zucchi's purchase order, which contained no indemnity clause, and by submitting the testimony of its president, Dan Olah, that no indemnification clause was attached to the purchase order he had received. In opposition, however, Zucchi submitted the deposition of its secretary, who testified that it was her custom to attach by paper clip a piece of paper containing an indemnification clause to every purchase order she mailed. She could not recall, however, the mailing of the particular purchase order transmitted to Olah. The secretary's testimony concerning her office custom and practice was sufficient to raise a triable issue of fact as to whether an indemnification clause was or was not part of the parties' contract (see *Tracy v William Penn Life Ins. Co. of N.Y.*, 234 AD2d 745, 748 [1996]; *Washington v St. Paul Surplus Lines Ins. Co.*, 200 AD2d 617, 618 [1994]).

There also was no basis to dismiss the third-party cause of action for common-law indemnification. With some exceptions, Workers' Compensation Law § 11 bars third-party actions against employers that provide the injured employee with workers' compensation insurance (see *405 Bedford Ave. Dev. Corp. v New Metro Constr., Ltd.*, 26 AD3d 408, 409 [2006]). A careful reading of Olah's workers' compensation insurance policy demonstrates that it affords coverage only for accidents that occurred in New Jersey, not for those that occurred in New York, as here. Although Olah submitted an affidavit from a representative of its insurer, who testified that the plaintiff's accident would have been covered, the language of the policy itself is

clear and unambiguous. Therefore, there is no need to consider the extrinsic evidence contained in the insurance representative's affidavit (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]; *Charter Realty & Dev. Corp. v New Roc Assoc.*, 293 AD2d 438, 439 [2002]). Since an employer cannot benefit from the protections of Workers' Compensation Law § 11 against third-party liability when it fails to secure workers' compensation insurance, as here (*see Boles v Dormer Giant, Inc.*, 4 NY3d 235, 239 [2005]), a viable third-party action for common-law indemnification exists.

Finally, contrary to Olah's contention, the fact that Zucchi settled the underlying action does not preclude it from seeking indemnification from Olah, though any recovery by Zucchi based upon common-law indemnification would be contingent upon a showing that Olah was 100% at fault for the plaintiff's injuries (*see McDermott v City of New York*, 50 NY2d 211, 220 [1980]; *compare Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 647 [1988]). Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.