■ RYAN GITTINS, Respondent, v BARBARIA CONSTRUCTION CORP. et al., Respondents, and DANNY LEVY, Appellant. [902 NYS2d 613]—

In an action to recover damages for personal injuries, the defendant Danny Levy appeals from an order of the Supreme Court, Kings County (Balter, J.), dated June 10, 2009, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Danny Levy for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

The plaintiff allegedly was injured in the course of his employment as a carpenter at the home of the defendant Danny Levy (hereinafter the homeowner). The plaintiff was performing framing work on the third floor of the structure, which did not yet have walls, and was standing a few feet from the edge of the building. He was operating an electrical saw that was attached to an extension cord that ran outside the frame of the house and was plugged into an outlet on the first floor. When he attempted to pull on the extension cord, he lost his balance and tripped on an unidentified object on the floor, causing him to fall out of the building onto a fence three stories below. The plaintiff testified at his deposition that the homeowner occasion-

ally visited the work site prior to the accident, but never spoke with the plaintiff or directed the manner of his work.

The plaintiff thereafter commenced this action, asserting that the homeowner was liable for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The homeowner moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, which the Supreme Court denied. We reverse.

To receive the protection of the homeowners' exemption under Labor Law § 240 (1) and § 241 (6), a homeowner must show the work was performed at a one- or two-family dwelling and that the defendant did not direct or control the plaintiff's work (see Labor Law § 240 [1]; § 241 [6]; Chowdhury v Rodriguez, 57 AD3d 121, 126-127 [2008]).

Here, the homeowner established his prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) by submitting, inter alia, the parties' deposition transcripts. The homeowner's testimony showed that the work was being performed on a one-family dwelling and that he did not direct or control the plaintiff's work. The plaintiff testified that he never met the homeowner prior to the accident and that the homeowner never gave him directions as to how he should perform his work. Thus, the homeowner established, prima facie, that he was not liable under those statutes. The plaintiff did not offer any evidence in opposition, but instead, relied on his own deposition testimony that he would sometimes see the homeowner talking to his supervisors. This was insufficient to raise a triable issue of fact as to whether the homeowner exercised supervision or control over the plaintiff's work (see Chowdhury v Rodriguez, 57 AD3d at 126-127; see also Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]).

Finally, the homeowner was entitled to summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against him (see Ortega v Puccia, 57 AD3d 54, 62-63 [2008]; Arama v Fruchter, 39 AD3d 678, 679 [2007]; Ferrero v Best Modular Homes, Inc., 33 AD3d 847, 850-851 [2006]).

Accordingly, the homeowner's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him should have been granted. Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.