■ WILLIAM HARPER et al., Appellants, v HOLLAND ADDISON, LLC, Defendant, and CAPE HORN, LLC, et al., Respondents. [903 NYS2d 753]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated February 5, 2010, as denied that branch of their motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Cape Horn, LLC, Alex Jackson, and Jane Jackson, and granted those branches of the motion of those defendants which were for summary judgment dismissing so much of the complaint as alleged violations of Labor Law §§ 200 and 240 (1), and sought to recover damages for common-law negligence insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The respondents made a prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them by demonstrating that the subject work was performed at a one-family dwelling, and that they did not direct or control the work. Thus, the respondents were entitled to the homeowners' exemption from liability contained in the statute (*see Gittins v Barbaria Constr. Corp.*, 74 AD3d 744 [2010]; *Chowdhury v Rodriguez*, 57 AD3d 121, 126-127 [2008]; *see also Baez v Cow Bay Constr.*, 303 AD2d 528 [2003]). In opposition to the respondents' prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, the plaintiffs failed to raise a triable issue of fact (*see Gittins v Barbaria Constr. Corp.*, 74 AD3d 744 [2010]; *Parnell v Mareddy*, 69 AD3d 915, 915-916 [2010]). Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against the respondents.

Furthermore, the respondents made a prima facie showing that the accident arose from the methods of the injured plaintiff's work (*see McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872 [2010]). As noted, the respondents established that they did not exercise any supervision or control over the injured plaintiff's work. Thus, the respondents were not liable under the common law or Labor Law § 200 for failure to provide a reasonably safe place to work (*see Lombardi v Stout*, 80 NY2d 290, 297 [1992]; *Gittins v Barbaria Constr. Corp.*, 74 AD3d 744 [2010]; *McKee v Great Atl. & Pac. Tea Co.*, 73 AD3d 872 [2010]). In opposition to the respondents' prima facie showing, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 and sought to recover damages for common-law negligence insofar as asserted against them.

The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.