■ ERIC PAEZ, Respondent, v HEMAL SHAH, Appellant, et al., Defendant. [910 NYS2d 511]—

In an action to recover damages for personal injuries, the defendant Hemal Shah appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated December 18, 2008, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Hemal Shah for summary judgment dismissing the complaint insofar as asserted against him is granted.

In July 2005 the defendant Hemal Shah (hereinafter the defendant) purchased certain premises and hired a contractor to perform renovations. The contractor employed the plaintiff and provided him with an electric saw from which the contractor had removed the safety guard. The plaintiff sustained injuries and commenced an action against the defendant and another person.

The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. The complaint set forth two causes of action. One cause of action was based on an alleged violation of Labor Law § 241 (6), and the other alleged common-law negligence based on the failure to provide a safe workplace and equipment.

The defendant established his prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action insofar as asserted against him, based on the homeowner's exemption for owners of one- and two-family dwellings, by showing that the premises were improved by a two-family dwelling, and that he neither directed nor controlled the plaintiff's work (see Labor Law § 241 [6]; *Chowdhury v Rodriguez*, 57 AD3d 121 [2008]; *Cardace v Fanuzzi*, 2 AD3d 557 [2003]; *Sheehan v Gong*, 2 AD3d 166 [2003]; *Garcia v Petrakis*, 306 AD2d 315 [2003]; *Small v Gutleber*, 299 AD2d 536, 537 [2002]).

The common-law negligence cause of action seeking damages for failure to provide a safe workplace and equipment was based on a similar theory of negligent exercise of the authority to supervise or control the workplace (see *Shaw v RPA Assoc., LLC*, 75 AD3d 634 [2010]; *Piedra v Matos*, 40 AD3d 610 [2007]). The defendant established his prima facie entitlement to judgment as a matter of law dismissing that cause of action by demonstrating that the accident arose from the means and methods

of the work, and that he did not have authority to supervise or control the work (*see Ortega v Puccia*, 57 AD3d 54, 61-62, 62 n 2 [2008]).

In opposition, the plaintiff failed to submit evidence in admissible form sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.