■ MAREK CHILINSKI, Plaintiff, v LMJ CONTRACTING, INC., Defendant, UNITED BAKING CO., INC., Doing Business as UNCLE WALLY'S, Defendant/Third-Party Plaintiff-Appellant, and DUNBAR SYSTEMS, INC., et al., Defendants/Third-Party Defendants-Respondents. [28 NYS3d 390]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff, United Baking Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), entered April 22, 2014, as denied those branches of its motion which were for conditional summary judgment on its cross claims and third-party cause of action for common-law indemnification asserted against the defendants/third-party defendants, Dunbar Systems, Inc., and C&C Millwright Maintenance Co., and granted the separate motions of the defendants/third-party defendants, Dunbar Systems, Inc., and C&C Millwright Maintenance Co. for summary judgment dismissing the complaint, third-party complaint, and all cross claims insofar as asserted against them.

Ordered that the appeal from so much of the order as granted those branches of the motion of the defendant/third-party defendant C&C Millwright Maintenance Co. which were for summary judgment dismissing the complaint insofar as asserted against it and the cross claims asserted by the defendant/third-party defendant Dunbar Systems, Inc., against it, and those branches of the motion of the defendant/third-party defendant Dunbar Systems, Inc., which were for summary judgment dismissing the complaint insofar as asserted against it and the cross claims asserted by the defendant/third-party defendant C&C Millwright Maintenance Co., against it, is dismissed, as the appellant is not aggrieved by those portions of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant/third-party defendant C&C Millwright Maintenance Co. which was for summary judgment dismissing the cross claim and third-party cause of action for common-law indemnification asserted by the defendant/third-party plaintiff against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant/third-party defendant Dunbar Systems, Inc., payable by the defendant/third-party plaintiff.

While working as a welder for a nonparty contractor, the plaintiff allegedly fell through a purposely designed opening in a platform floor that had allegedly been temporarily covered with a piece of plywood. The platform was erected as part of the installation of an oven at a commercial bakery owned by

United Baking Co., Inc. (hereinafter United). United purchased the commercial oven through Dunbar Systems, Inc. (hereinafter Dunbar), and hired Dunbar to install the oven and its appurtenances, including the platform. Dunbar subcontracted with C&C Millwright Maintenance Co. (hereinafter C&C) to perform the work. C&C fabricated the plywood cover and installed it over the opening.

The plaintiff commenced this action against, among others, United, C&C, and Dunbar, alleging, inter alia, causes of action for common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). United commenced a third-party action against C&C and Dunbar, for, among other things, common-law indemnification, and asserted cross claims against C&C and Dunbar for, inter alia, common-law indemnification.

United moved, inter alia, for conditional summary judgment on its cross claims and third-party cause of action for common-law indemnification asserted against Dunbar and C&C. Dunbar and C&C separately moved, among other things, for summary judgment dismissing United's cross claim and third-party cause of action for common-law indemnification insofar as asserted against each of them. The Supreme Court denied those branches of United's motion which were for conditional summary judgment on its cross claims and third-party cause of action for common-law indemnification asserted against Dunbar and C&C, and granted those branches of the respective motions of Dunbar and C&C which were for summary judgment dismissing the cross claims and third-party cause of action for common-law indemnification asserted by United against them. United appeals.

United failed to establish that the plaintiff's accident arose solely from the method or manner of the work performed and not from a dangerous condition of the premises (see *Costa v Sterling Equip., Inc.*, 123 AD3d 649 [2014]; *Ventimiglia v Thatch, Ripley & Co., LLC*, 96 AD3d 1043, 1046 [2012]; *Fusca v A & S Constr., LLC*, 84 AD3d 1155, 1157 [2011]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 51 [2011]; *Bennett v Fairchild Republic Charter*, 298 AD2d 418, 418-419 [2002]; *cf. Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 450 [2013]). United also failed to establish, prima facie, that it did not create the allegedly dangerous condition that allegedly caused the plaintiff's accident and did not have actual or constructive notice of that condition (see *Pacheco v Smith*, 128 AD3d 926 [2015]; *Pineda v Elias*, 125 AD3d 738, 739 [2015]; *see generally Torres v St. Francis Coll.*, 129 AD3d 1058 [2015]; *Rojas v Schwartz*, 74 AD3d 1046, 1047

[2010]). Accordingly, United failed to demonstrate, prima facie, that it was not negligent in connection with the plaintiff's accident, and the Supreme Court properly denied those branches of United's motion which were for conditional summary judgment on its cross claims and third-party cause of action asserted against C&C and Dunbar for common-law indemnification (*see Ginter v Flushing Terrace, LLC*, 121 AD3d 840, 845 [2014]; *Rehberger v Garguilo & Orzechowski, LLP*, 118 AD3d 767, 770 [2014]; *Philadelphia Indem. Ins. Co. v AMI Dev., LLC*, 111 AD3d 689 [2013]; *Sawicki v GameStop Corp.*, 106 AD3d 979, 981 [2013]).

The Supreme Court also properly granted that branch of Dunbar's motion which was for summary judgment dismissing the cross claim and third-party cause of action for common-law indemnification asserted by United against it. Dunbar submitted evidence demonstrating, prima facie, that it was not involved with constructing the plywood cover and that it did not direct, supervise, or control the work giving rise to the plaintiff's alleged injury (*see Karanikolas v Elias Taverna, LLC*, 120 AD3d 552, 556 [2014]; *Fox v H&M Hennes & Mauritz, L.P.*, 83 AD3d 889, 891 [2011]; *Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc.*, 54 AD3d 394, 395-396 [2008]). In opposition, United failed to raise a triable issue of fact. Contrary to United's contention, Dunbar was not contractually obligated to ensure that its subcontractor, C&C, installed the plywood cover over the opening in a workmanlike manner or in compliance with applicable law.

However, C&C failed to establish its prima facie entitlement to judgment as a matter of law on that branch of its motion which was for summary judgment dismissing the cross claim and third-party cause of action for common-law indemnification asserted by United against it. C&C's evidence submitted in support of its motion, which included the plaintiff's deposition testimony, failed to eliminate triable issues of fact as to whether the plywood was covering the opening in the platform at the time of the accident and whether C&C was negligent in constructing the cover (*see Assevero v Hamilton & Church Props., LLC*, 131 AD3d 553, 558 [2015]; *Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1196 [2011]; *Aragundi v Tishman Realty & Constr. Co., Inc.*, 68 AD3d 1027, 1029 [2009]). Contrary to C&C's contention, it failed to demonstrate that the plaintiff was unable to identify the cause of his fall, since the plaintiff testified at his deposition that he "saw" his foot touch the plywood cover, and that he heard the wood crack before he fell (*see Korn v Parkside Harbors Apts., LLC*, 134 AD3d 769

[2015]). Moreover, the expert affidavit submitted by C&C in support of its motion was insufficient to establish, prima facie, that the plywood cover was not defective. The expert failed to describe why the plywood cover at issue was similar to the exemplar pieces of wood that he had tested and failed to consider conflicting evidence in the record, including the size of the opening and the size of the plywood (*see generally Sepesi v Watson*, 124 AD3d 1021, 1022 [2015]). Accordingly, the Supreme Court erred in granting that branch of C&C's motion which was for summary judgment dismissing the cross claim and third-party cause of action for common-law indemnification asserted by United against it. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur. 