People v Ultimate Homes, Inc. (2018 NY Slip Op 07468)





People v Ultimate Homes, Inc.


2018 NY Slip Op 07468


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2016-00873
 (Index No. 7149/13)
[*1]Guy Poulin, et al., plaintiffs-respondents, v
v
Ultimate
Homes, Inc., appellant, J. G. Fortin Drywall, Inc.,
defendant-respondent, et al., defendants.
 
 
Burke, Scolamiero, Mortati & Hurd, LLP, Albany, NY (Lia B. Mitchell and Peter Balouskas of counsel), for appellant.
Melley Platania, PLLC, Rhinebeck, NY (Steven M. Melley of counsel), for plaintiffs-respondents.
Wilson, Bave, Conboy, Cozza & Couzens, P.C., White Plains, NY (Donna L. Cook of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Ultimate Homes, Inc., appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated December 8, 2015. The order, insofar as appealed from, (1) denied the motion of the defendant Ultimate Homes, Inc., for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and for summary judgment against the defendant J.G. Fortin Drywall, Inc., on its cross claim for common-law indemnification, (2) granted the converted motion of the defendant J.G. Fortin Drywall, Inc., for summary judgment dismissing the complaint insofar as asserted against it and, in effect, sua sponte, directed the dismissal of the cross claims of the defendant Ultimate Homes, Inc., against the defendant J.G. Fortin Drywall, Inc., for common-law indemnification and contribution, and (3) granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Ultimate Homes, Inc.
ORDERED that the appeal by the defendant Ultimate Homes, Inc., from so much of the order as granted the converted motion of the defendant J.G. Fortin Drywall, Inc., for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendant Ultimate Homes, Inc., is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, sua sponte, directed the dismissal of the cross claims of the defendant Ultimate Homes, Inc., against the defendant J.G. Fortin Drywall, Inc., is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[a][2]; [c]); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof which, in effect, sua sponte, directed dismissal of the cross claims of the defendant Ultimate Homes, Inc., against the defendant J.G. Fortin Drywall, Inc., (2) by deleting the provision thereof which denied those branches of the motion of the defendant Ultimate Homes, Inc., which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and for summary judgment against the defendant J.G. Fortin Drywall, Inc., on its cross claim for common-law indemnification, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as reviewed, with costs payable by the defendant J.G. Fortin Drywall, Inc., to the defendant Ultimate Homes, Inc.
The plaintiff Guy Poulin (hereinafter the plaintiff), a drywall installer, alleged that he was injured at a residential construction site when he fell through the opening of an unfinished stairwell into the basement of the premises. The plaintiff, and his wife suing derivatively, commenced this action asserting causes of action pursuant to Labor Law §§ 200, 240(1), and 241(6), as well as common-law negligence, against: (1) the general contractor, the defendant Ultimate Homes, Inc. (hereinafter Ultimate), (2) the drywall subcontractor, the defendant J.G. Fortin Drywall, Inc. (hereinafter Fortin), and (3) the homeowners, the defendants Charles and Ruth Nielson (hereinafter together the Nielsons). Ultimate asserted cross claims against Fortin for contribution and common-law indemnification. Fortin pleaded as an affirmative defense that the plaintiff was its employee and that the action was, therefore, barred pursuant to Workers' Compensation Law § 11, and asserted cross claims for contribution and common-law indemnification against Ultimate and the Nielsons.
After discovery, the Nielsons moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Ultimate moved for summary judgment dismissing the plaintiffs' Labor Law § 200 and common-law negligence causes of action insofar as asserted against it, and for summary judgment on its cross claim against Fortin for common-law indemnification. Ultimate argued that the accident arose from the method and manner of the work, or, in the alternative, if the court determined that the plaintiff's injury was caused by a dangerous premises condition, that Ultimate did not create or have actual or constructive notice of it. The plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240(1) against Ultimate and Fortin. Fortin moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it on the ground that it was barred by Workers' Compensation Law § 11.
The Supreme Court, inter alia, granted that branch of the Nielsons' motion which was for summary judgment dismissing the complaint insofar as asserted against them, denied Ultimate's motion for summary judgment dismissing the causes of action pursuant to Labor Law § 200 and common-law negligence insofar as asserted against it and for summary judgment on its cross claim against Fortin for common-law indemnification, granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240(1) against Ultimate, converted Fortin's motion to a motion for summary judgment and, thereupon, granted Fortin's motion for summary judgment dismissing the complaint insofar as asserted against it. Further, although Fortin did not move for relief against Ultimate, the Supreme Court, in effect, sua sponte, directed dismissal of Ultimate's cross claims against Fortin. Ultimate appeals, and we modify.
We agree with the Supreme Court's determination to grant that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Ultimate. The plaintiffs established, prima facie, that the plaintiff was injured when he fell through an open, unfinished stairwell and that he was not provided with safety devices to prevent or break his fall (see King v Malone Home Bldrs., Inc., 137 AD3d 1646; Cody v State of New York, 52 AD3d 930; Brandl v Ram Bldrs., Inc., 7 AD3d 655; Perkins v Loewentheil & Daughters, 282 AD2d 510; John v Baharestani, 281 AD2d 114; Schneider v Hanover E. Estates, 237 AD2d 274). Regardless of the precise manner in which the accident occurred, a defendant is not absolved from liability where, as here, a plaintiff's [*2]injuries are at least partially attributable to the defendant's failure to provide protection as mandated by the statute (see Nephew v Klewin Bldg. Co., Inc., 21 AD3d 1419; Cammon v City of New York, 21 AD3d 196, 201; Laquidara v HRH Constr. Corp., 283 AD2d 169). In opposition, Ultimate failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562).
However, the Supreme Court should not have denied those branches of Ultimate's motion which were for summary judgment dismissing the causes of action pursuant to Labor Law § 200 and common-law negligence insofar as asserted against it. "Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (id. at 61). Where "a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; see Lombardi v Stout, 80 NY2d 290, 295). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (id.; see Suconota v Knickerbocker Props., LLC, 116 AD3d 508, 508).
Here, Richard Miller, Ultimate's lead carpenter, testified at his deposition that a railing previously placed around the stairwell opening was specifically removed so that the drywall installers could access the area in order to do their work. Jean-Guy Fortin, Fortin's principal, testified at his deposition that when he and the plaintiff arrived, Miller, the only Ultimate employee present on site, gave them no instructions as to where to work, what equipment to use, or the manner in which they should do their work. The plaintiff testified at his deposition that Jean-Guy Fortin decided what equipment to use. Jean-Guy Fortin testified that the drywall had to be installed in the stairwell opening before the staircase was installed because the drywall had to be hung behind the stairs. He further testified that, in order to install drywall on the ceiling over the stairwell opening, the plaintiff placed planks over the opening, and then he and the plaintiff together placed two pieces of plywood measuring four feet by eight feet over the planks. According to Jean-Guy Fortin, he and the plaintiff had previously covered stairwell openings in the same manner during other jobs when they had worked together. However, on this occasion, the plywood did not completely cover the opening, leaving what Jean-Guy Fortin described as a "small hole." Jean-Guy Fortin personally inspected the planks for stability. Jean-Guy Fortin left the room to get his tools, and while he was gone, the plaintiff fell through the opening.
Based upon the foregoing evidence, Ultimate established, prima facie, that the accident arose from the method and manner in which the plaintiff and Jean-Guy Fortin covered the stairwell opening (see Gillis v Brown, 133 AD3d 1374, 1375-1376 [accident arose from "defects or dangers in the methods or materials of the work" where the plaintiff was injured "while working on an elevated scaffold at a construction site, his right foot fell through an opening created by missing planks"]; Klimowicz v Powell Cove Assoc., LLC, 111 AD3d 605, 606, 608 ["plaintiff, who had climbed onto the wall header near the eave of the barn, put the weight of his legs on plywood that had been placed in the eave by defendants to block wind and precipitation, and the plywood shifted and fell, causing plaintiff to fall to the ground and sustain injuries. . . . [D]efendants' placement of plywood along the eaves of the barn as a block to the elements was not a defective condition;' instead, the alleged defect arose from plaintiff's methods or manner of performing the work"]; Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 447 [accident arose from means and methods of work where "[p]laintiff was walking towards a window through which insulation was being delivered, when he stepped on an eight-by-four-foot section of three-quarter-inch-thick plywood, which unexpectedly flipped up.' The sheet of plywood had been covering an opening in the floor."]; Riley v Stickl Constr. Co., 242 AD2d 936, 936-937 ["McNamee [*3]employees completed the first floor deck and were in the process of constructing the exterior walls when John Riley (plaintiff), a McNamee employee, stepped into an unguarded stairwell opening in the first floor deck and fell one story to the basement floor. . . . [D]efendant is not liable for failing to provide a safe place to work where the defect or dangerous condition is created by the contractor's own methods of work and defendant did not exercise supervisory control over the contractor's work"]; Sarvis v Maida, 173 AD2d 1019, 1019-1021 ["Hurst subcontracted with plaintiff to do the drywall finishing on the second floor of the addition. Scaffolding at the worksite was provided by Hurst. According to plaintiff, the stairwell opening had joists running the length of it, but no covering. Plaintiff's injuries allegedly occurred when he lost his balance while working on a wall next to the opening and fell onto the joists in the opening. . . . [T]he unsafe condition was created by the manner in which the work was being performed"]; cf. Chilinski v LMJ Contr., Inc., 137 AD3d 1185, 1186).
Contrary to our dissenting colleague's argument that our analysis overlooks the plaintiff's allegation that the accident was caused by a dangerous or defective premises condition, we have considered the plaintiff's allegation in that regard and conclude that Ultimate established, prima facie, that the accident did not arise from a dangerous or defective premises condition but from the method and manner of the work. The dissent relies upon Reyes v Arco Wentworth Mgt. Corp. (83 AD3d 47, 52), in which this Court held: "[W]hen an accident is alleged to involve defects in both the premises and the equipment used at the work site, the property owner moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (emphasis added). However, Reyes is distinguishable from the case at bar. In Reyes, the plaintiff's lawnmower tipped over after it got stuck in a deep hole, and the plaintiff was injured by the lawnmower's spinning blade (see id. at 49). The plaintiff's Labor Law § 200 cause of action, characterized by this Court as a "rare hybrid case," was premised upon two distinct theories: (1) that the hole constituted a dangerous premises condition, and (2) that the failure of the lawnmower to be equipped with an emergency shut-off switch rendered the lawnmower itself dangerous (id. at 52). Whereas in Reyes, to meet its prima facie burden for summary judgment dismissing the Labor Law § 200 cause of action, the defendant was required to address "all potential concurrent causes of the plaintiff's accident and injury" by directing its evidence to both liability standards (id. at 52), here, Ultimate established, prima facie, that the accident arose solely from the method and manner in which the plaintiff and Jean-Guy Fortin covered the opening. Reyes does not stand for the proposition that a defendant is required to blindly accept a plaintiff's categorization of an accident as either a method and manner case or a dangerous condition case, or both. Indeed, in Labor Law § 200 cases arising from a variety of work site accidents, this Court has consistently allowed a defendant moving for summary judgment to establish, as part of its prima facie showing, that the accident falls into one of the two broad categories of Labor Law § 200 cases (compare Paez v Shah, 78 AD3d 673, 674-675; Harper v Holland Addison, LLC, 75 AD3d 495, 496, with Navarro v City of New York, 75 AD3d 590, 591-592).
Further, Ultimate established that it did not exercise supervision or control over the performance of the work giving rise to the plaintiff's injury (see Suconota v Knickerbocker Props., LLC, 116 AD3d at 508-509; Ortega v Puccia, 57 AD3d at 61). Ultimate, which gave no instructions to Jean-Guy Fortin or the plaintiff as to how to do their work, had, at most, general supervisory authority over the plaintiff's work, which is insufficient to form a basis for the imposition of liability (see Suconota v Knickerbocker Props., LLC, 116 AD3d at 508-509). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of Ultimate's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it.[FN1]
The Supreme Court should not have, in effect, sua sponte, directed dismissal of Ultimate's cross claims against Fortin for common-law indemnification and contribution, which relief Fortin did not request in its motion papers (see USAA Fed. Sav. Bank v Calvin, 145 AD3d 704, 706). Moreover, the Supreme Court should have granted that branch of Ultimate's motion which was for summary judgment on its cross claim against Fortin for common-law indemnification. Contrary to Fortin's contention, Ultimate's cross claims are not barred by Workers' Compensation Law § 11. That statute provides, in relevant part, "[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a grave injury.'" However, "an employer may not benefit from section 11's protections against third-party liability unless it first complies with section 10 and secures workers' compensation for its employees" (Boles v Dormer Giant, Inc., 4 NY3d 235, 239; see Sarmiento v Klar Realty Corp., 35 AD3d 834). Here, Ultimate established, prima facie, that Fortin did not procure workers' compensation on behalf of the plaintiff, and that the plaintiff maintained his own workers' compensation policy. Therefore, Fortin is not entitled to the benefit of the workers' compensation bar.
Ultimate met its prima facie burden for summary judgment on its cross claim for common-law indemnification against Fortin by establishing that it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part and that Fortin exercised actual supervision and control over the work giving rise to the injury (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378; Felker v Corning, Inc., 90 NY2d 219, 226; Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 504). In opposition, Fortin failed to raise a triable issue of fact.
SCHEINKMAN, P.J., CONNOLLY and CHRISTOPHER, JJ., concur.
DUFFY, J., concurs in part and dissents in part, and votes to dismiss the appeal by the defendant Ultimate Homes, Inc., from so much of the order as granted the converted motion of the defendant J.G. Fortin Drywall, Inc., for summary judgment dismissing the complaint insofar as asserted against it, as the defendant Ultimate Homes, Inc., is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144), to modify the order, on the law, by deleting the provision thereof, in effect, sua sponte, directing the dismissal of the cross claims of the defendant Ultimate Homes, Inc., against the defendant J.G. Fortin Drywall, Inc., for common-law indemnification and contribution, and substituting therefor a provision converting those cross claims to third-party causes of action, and, as so modified, to affirm the order insofar as reviewed, with the following memorandum:
I agree with my colleagues that the appeal by the defendant Ultimate Homes, Inc. (hereinafter Ultimate), from so much of the order as granted the converted motion of the defendant J.G. Fortin Drywall, Inc. (hereinafter Fortin), for summary judgment dismissing the complaint insofar as asserted against Fortin must be dismissed, as Ultimate is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d at 157). I also agree that the Supreme Court properly granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Ultimate. However, I disagree with my colleagues to the extent that they grant those branches of Ultimate's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and for summary judgment against Fortin on its cross claim for common-law indemnification. Thus, for the reasons set forth herein, I would modify the order, on the law, by deleting the provision thereof dismissing the cross claims of Ultimate against Fortin for common-law indemnification and [*4]contribution, and substituting therefor a provision converting the cross claims of Ultimate against Fortin to third-party causes of action; as so modified, I would affirm the order insofar as reviewed.
The plaintiff Guy Poulin (hereinafter the plaintiff), and his wife suing derivatively (hereinafter together the plaintiffs), commenced this action seeking damages for injuries that the plaintiff contends he sustained when he began installing drywall in a single-family home that was under construction. The general contractor for the construction, Ultimate, had been at the site for approximately two months. At his deposition, the plaintiff testified that he had not been to the location prior to the day of his accident. The plaintiff also testified that, on the day at issue, he and his boss, who was the owner of Fortin, observed an unguarded stairwell opening when they went to sheetrock the ceiling and the walls above the hole. The plaintiff further testified that he and his boss placed a sheet of plywood on a plank on the top of the opening but it was insufficient to cover the hole, and, since there was no other plywood or plank available, they decided they would work instead in another room. The plaintiff thereafter fell and landed in the basement of the premises. He testified that he did not know what caused him to fall through the hole and could not recall why he fell or what he was doing immediately before his fall. At the time of the accident, even though a workman from Ultimate was framing a window area three or four feet from the unguarded stairwell opening, he did not observe the plaintiff falling through the opening in the floor. After the accident, the plaintiff received workers' compensation benefits through an insurance policy he maintained.
The plaintiffs asserted causes of action against, among others, Ultimate and Fortin under Labor Law §§ 200, 240(1), and 241(6), as well as common-law negligence. In his bill of particulars, the plaintiff alleged, inter alia, that Ultimate carelessly and negligently created a defective condition at the work site that caused the plaintiff to fall with resulting injury. He also alleged that Ultimate, as the general contractor, knew or ought to have known of the dangerous and hazardous condition of the uncovered and unprotected floor opening which had no guards, railings or covers, planking or plywood boards to cover the floor opening so that the plaintiff could have walked over the opening or worked from or on the covered floor opening without falling into the basement of the premises.
At his deposition, the plaintiff also testified that, under similar circumstances, a contractor generally would have covered the stairwell opening to enable them to drywall the ceiling above the hole. The owner of the premises testified at his deposition that he had never seen the stairwell opening uncovered. The owner further testified that the stairwell opening was always covered completely with approximately two planks at the end of the day and that he believed that the planks were placed by Ultimate and were being used to protect persons from falling through the opening into the basement. The owner of Ultimate admitted at his deposition that there were no warning signs, safety tape, cones, or scaffolding placed around the stairwell opening. He also testified that he did not recall providing any temporary covering prior to the accident. The Ultimate worker who was present at the work site at the time of the plaintiff's accident testified at his deposition that Ultimate had not covered the opening but had placed wooden railings around the perimeter of the stairwell opening as a safety precaution to prevent anyone from walking into the opening. He also testified that he did not recall if the railings were in place the day of the incident at issue.
Ultimate moved for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it and for summary judgment on its cross claims against Fortin for common-law indemnification and contribution. The plaintiffs cross-moved for summary judgment on the issue of liability. Fortin moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
I agree with the majority that the Supreme Court properly granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Ultimate. "[R]egardless of the precise manner in which the accident occurred, a defendant is not absolved from liability where, as here, a plaintiff's injuries are at least partially attributable to the defendant's failure to provide protection as mandated by the statute" (Cammon v City of New York, 21 AD3d 196, 201; [*5]see Laquidara v HRH Constr. Corp., 283 AD2d 169, 169). The plaintiffs established, prima facie, that the plaintiff was injured when he fell through the open hole of an unfinished stairwell and that he had not been provided any safety devices to prevent or break his fall (see King v Malone Home Bldrs., Inc., 137 AD3d 1646, 1649; Cody v State of New York, 52 AD3d 930, 931). In opposition, Ultimate failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
However, I disagree with the majority's determination to grant that branch of Ultimate's motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. As the majority has recognized, cases involving Labor Law § 200 fall into two broad categories, typically referred to as (1) defective or dangerous premises conditions at a work site, and (2) alleged defects or dangers arising from the manner in which the work is performed (see Giovanniello v E.W. Howell, Co., LLC, 104 AD3d 812, 813; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 50-51). In the first category, where an existing defective or dangerous condition is alleged to have caused the injury, liability attaches if the general contractor has control over the work site and had actual or constructive notice of the alleged defective or dangerous condition (see Wynne v B. Anthony Constr. Corp., 53 AD3d 654, 656; Payne v 100 Motor Parkway Assoc., LLC, 45 AD3d 550, 553). The second category involves injuries occasioned by the manner in which the work is performed, and a defendant owner or contractor will only be liable if it supervised or controlled the means and methods of the work operation (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 51; Rojas v Schwartz, 74 AD3d 1046, 1046).
The majority rests its grant of summary judgment to Ultimate dismissing the Labor Law § 200 cause of action almost exclusively on the ground of this second "means and methods" category. With respect to this category, I agree that Ultimate demonstrated, prima facie, that it had no supervisory role in the plaintiff's work. However, that is not the end of the analysis (see McKay v Weeden, 148 AD3d 1718, 1721). The plaintiffs' complaint and bill of particulars allege that Ultimate's liability under this Labor Law § 200 cause of action also arises out of the first category—that Ultimate had control over the work site and had actual or constructive notice of a dangerous or defective condition at this work site. As to that category, Ultimate neither established, prima facie, as a matter of law, that the unguarded hole is not a dangerous or defective condition, nor did it establish, prima facie, that it did not have control over the work site or did not have actual or constructive notice of the alleged dangerous or defective condition at issue; here, the open hole for the unfinished stairwell (see Chilinski v LMJ Contr., Inc., 137 AD3d 1185, 1187-1188; see also McKay v Weeden, 148 AD3d at 1721).
It is axiomatic that a defendant moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 and common-law negligence must examine the plaintiff's complaint and bill of particulars to identify the theory or theories of liability, in order to properly direct proof as to the defective premises issues or the defective means or methods issues, or both (see Garcia v Market Assoc., 123 AD3d 661, 664; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 51-52). When an accident is alleged to involve defects in both a condition in the premises and the manner of the work performed, a defendant moving for summary judgment is obligated to address the proof applicable to both liability standards (see Giovanniello v E.W. Howell, Co., LLC, 104 AD3d at 813-814). In such a case, entitlement to summary judgment vests only when the evidence exonerates a defendant as matter of law for all potential concurrent causes of the plaintiff's accident and injury and when no triable issue of fact is raised in opposition as to either relevant liability standard (see id.; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52).
To the extent that the majority attempts to distinguish Reyes v Arco Wentworth Mgt. Corp. (83 AD3d at 50-51) to suggest that Ultimate's burden of proof on its motion for summary judgment on these causes of action need only address the means and method theory of liability, this Court's long-standing precedent (see e.g. Pineda v Elias, 125 AD3d 738, 738-739; Garcia v Market Assoc., 123 AD3d at 665; DiMaggio v Cataletto, 117 AD3d 984, 986), as well as that of its sister courts (see e.g. McKay v Weeden, 148 AD3d at 1721 [4th Dept]; Card v Cornell Univ., 117 AD3d 1225, 1227-1228 [3rd Dept]; Torkel v NYU Hosps. Ctr., 63 AD3d 587, 591 [1st Dept], dictate otherwise. These cases do not mandate blind acceptance of a plaintiff's allegations, but rather, [*6]emphasize that it is the obligation of a defendant to point to evidence that successfully refutes both liability theories and eliminates all triable issues of fact as to either relevant liability standard " or both, as may be indicated on a case-by-case basis'" (Garcia v Market Assoc., 123 AD3d at 664, quoting Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52).
The cases cited by the majority—Paez v Shah (78 AD3d 673, 674-675); Harper v Holland Addison, LLC (75 AD3d 495, 496); and Navarro v City of New York (75 AD3d 590, 591-592)—in support of its conclusion that the accident did not arise from a dangerous or defective premises condition but from the means and methods of the work, are distinguishable from the facts in this case. In Paez v Shah (78 AD3d at 674), the plaintiff was injured when he was operating an electric handsaw after the general contractor had removed the safety guard from the handsaw at the work site. This Court reversed the Supreme Court order denying summary judgment to the defendant owner where the owner proffered the deposition testimony of the owner, the plaintiff, and the contractor demonstrating that the owner neither directed nor controlled the plaintiff's work and had no notice of the unsafe condition of the handsaw that had been provided to the plaintiff by the contractor. In contrast, here, Ultimate is the general contractor, not the owner, and its employee testified at his deposition that Ultimate was well aware of the open stairwell and had previously placed railings around it.
In Harper v Holland Addison, LLC (75 AD3d 495), this Court affirmed the dismissal of causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the owner defendant, not, as here, the general contractor. There, the plaintiff was injured when he fell off a foundation wall while taking floor joist measurements. The owner established that it did not exercise any supervision or control over the plaintiff's work and it did not create or build the foundation wall or have notice of any defect. In addition, the plaintiff himself had testified in his deposition that there was no defect in the wall and that he had not noticed any problems with the wall. No such evidence has been proferred in this case as to the open hole.
In Navarro v City of New York (75 AD3d at 592), this Court actually reversed the Supreme Court's grant of summary judgment to the defendants as to the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them, finding that the defendants had not submitted evidence to show that they did not create or have notice of the alleged dangerous condition on the premises. Although this Court found that a different defendant, the New York City School Construction Authority, was entitled to summary judgment as to these causes of action, that defendant had submitted evidence demonstrating that it did not own the premises, and lacked control over both the premises and the activity that caused the injury (see Navarro v City of New York, 75 AD3d at 592). No such facts exist here, nor did Ultimate proffer any such evidence.
Here, since the plaintiffs' theory of liability includes their allegation that Ultimate was negligent as a result of a dangerous condition on the premises—the unguarded hole—Ultimate is not entitled to summary judgment as to this cause of action unless it has demonstrated, prima facie, either that the plaintiff's accident arose solely from the manner in which work was performed under Labor Law § 200 and not from a dangerous condition on the premises, or that it did not have control over the work site or did not have actual or constructive notice of the dangerous condition that the plaintiff alleged caused the accident (see Chilinski v LMJ Contr., Inc., 137 AD3d at 1187-1188; see also McKay v Weeden, 148 AD3d at 1721). Ultimate has failed to do so. Indeed, the only contention Ultimate asserts as its ground for summary judgment with respect to the causes of action alleging violation of Labor Law § 200 and common-law negligence is that the plaintiff's injuries are the result of the manner which the plaintiff partially covered the stairwell opening and that Ultimate did not supervise, control, or direct the plaintiff's work. Ultimate failed to demonstrate, prima facie, that the plaintiff's accident arose solely from the manner in which the work was performed and failed to point to any evidence to conclusively refute the plaintiffs' allegations that Ultimate was negligent as a result of a dangerous or defective premises condition at the work site (see Chilinski v LMJ Contr., Inc., 137 AD3d at 1187-1188; see also McKay v Weeden, 148 AD3d at 1721).
Indeed, a view of the evidence in the light most favorable to the nonmovant, here, the plaintiffs, requires denial of Ultimate's motion for summary judgment on these causes of action (see [*7]Stukas v Streiter, 83 AD3d 18, 22; Pearson v Dix McBride, LLC, 63 AD3d 895, 895). In reaching its conclusion, the majority adopts Ultimate's view of the facts and ignores those posited by the plaintiffs. Although the majority points to Jean-Guy Fortin's deposition testimony that, after the plaintiff and he were unable to cover the entire opening of the hole, "[Jean-Guy Fortin] left to get his tools," and "examined the planks for stability," they ignore the plaintiff's deposition testimony that since he and Jean-Guy Fortin were unable to completely cover the unguarded opening, Jean-Guy Fortin indicated that they "were going to work somewhere else." The plaintiff also raised other triable issues of fact as to whether the hole through which he fell constituted a dangerous condition on the premises. The plaintiff not only proffered the deposition testimony of the homeowner who said he had never seen the stairwell opening uncovered and that it was always covered completely with approximately two planks placed there by Ultimate to protect persons from falling through the opening, and the testimony of an employee of Ultimate that Ultimate had placed wooden railings around the perimeter of the opening as a safety precaution, the plaintiff also submitted his own testimony that there was nothing covering the opening when he arrived to work, that he and his boss chose to work in another room because there was nothing available to completely cover the opening, and that, under similar circumstances, a contractor generally would have covered such an opening to enable them to drywall the ceiling above it. Since the existence of triable issues of fact requires the denial of summary judgment (see McKay v Weeden, 148 AD3d at 1721), and credibility determinations should be left to the trier of fact (see Kolivas v Kirchoff, 14 AD3d 493, 493), Ultimate is not entitled to summary judgment on these causes of actions.
The majority's footnoted contention that, even if the accident arose from a dangerous or defective premises condition, Ultimate is still entitled to summary judgment on these Labor Law § 200 and common law negligence causes of action because it had no actual or constructive notice of the unguarded opening at issue is wholly inconsistent with the facts, including those testified to by Ultimate's worker.
The majority's determination that any dangerous condition that may have existed was somehow created by the plaintiff and Jean-Guy Fortin because the plaintiff and Fortin were unable to completely cover the unguarded hole created by Ultimate turns premises liability on its head. "Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Garcia v Market Assoc., 123 AD3d at 664 [internal quotation marks omitted]; see also Banscher v Actus Lend Lease, LLC, 132 AD3d 707, 709). Here, unlike Gillis v Brown (133 AD3d 1374, 1375) and Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc. (104 AD3d 446, 447), cases cited by the majority, there is no evidence or contention that the plaintiff's foot fell through the planks or that the plaintiff slipped on the plywood that he and Jean-Guy Fortin had placed in their effort to try to cover-up the hole. Rather, the undisputed evidence is that the plaintiff fell through the portion of the hole that they were unable to cover. Moreover, even if such contentions had been made, those contentions would raise issues of fact for a jury to decide (see McKay v Weeden, 148 AD3d at 1721). Indeed, another case cited by the majority, Sarvis v Maida (173 AD2d 1019, 1021), actually undermines the conclusion the majority reaches. There, the court determined that the alleged unsafe condition was created by the plaintiff drywaller who fell through a stairwell opening because he "elected to perform his work by standing on a narrow ledge without covering the opening or taking any other precautionary measure" (id. at 1021). In contrast, here, the plaintiff testified that Jean-Guy Fortin and he actually tried to cover the hole but then elected to work elsewhere because they were unable to completely cover the hole.
Although there are no cases in this Court with facts comparable to the facts at issue here, in McKay v Weeden (148 AD3d at 1718-1719), the Fourth Department affirmed the denial of summary judgment in a case squarely on all fours with the facts alleged here. There, the subcontractor plaintiff asserted causes of action alleging, inter alia, Labor Law violations and common-law negligence against the general contractor in that case, seeking damages for injuries he alleged he sustained when, while hanging drywall, he stepped into an unguarded stairwell opening on the first floor and fell down onto the basement floor (see id. at 1719). There, the railing around the unguarded stairwell, as well as a plywood cover, had previously been removed by an unknown person (see id. at 1719-1721). The Fourth Department affirmed the Supreme Court's denial of the general contractor's motion for summary judgment, determining that, even if the general contractor [*8]established that it did not supervise or control the plaintiff's work, since the plaintiffs also alleged that the accident occurred due to a dangerous condition on the premises, the general contractor was required, but failed, to further " establish as a matter of law that [it] did not exercise any supervisory control over the general conditions of the premises or that [it] neither created nor had actual or constructive notice of the dangerous condition on the premises'" (id. at 1721, quoting Burns v Lecesse Constr. Servs. LLC, 130 AD3d 1429, 1434).
Here, Ultimate also was required to establish that it never had control over the work site or that it neither created nor had actual or constructive notice of the allegedly dangerous condition on its premises (see McKay v Weeden, 148 AD3d at 1721). Since Ultimate has failed to establish its prima facie entitlement to judgment as a matter of law as to these issues, and triable issues of fact exist, summary judgment as to these causes of action alleging common-law negligence and violation of Labor Law § 200 was properly denied by the Supreme Court (McKay v Weeden, 148 AD3d at 1721; see Chilinski v LMJ Contr., Inc., 137 AD3d at 1187-1188). Accordingly, I would also affirm so much of the order of the Supreme Court as denied that branch of Ultimate's motion which sought dismissal of the cause of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against it.
Ultimate also was not entitled to summary judgment on its cross claims alleging common-law indemnification and contribution against Fortin, as it failed to eliminate triable issues of fact as to the cause of the accident, whether Ultimate was negligent in causing the accident, and the relative culpability, if any, of Fortin (see Chilinski v LMJ Contr., Inc., 137 AD3d at 1188; Ginter v Flushing Terrace, LLC, 121 AD3d 840, 844-845). The Supreme Court also should not have, in effect, sua sponte, dismissed Ultimate's cross claims against Fortin, alleging common-law indemnification and contribution pursuant to Workers' Compensation Law § 11. Where, as here, Fortin failed to secure workers' compensation insurance, "an employer cannot benefit from the protections of Workers' Compensation Law § 11 against third-party liability" (Sarmiento v Klar Realty Corp., 35 AD3d 834, 837).
Although there is no longer a direct action pending against Fortin, Ultimate's cross claims against it alleging common-law indemnification and contribution may be maintained in a third-party action (see Soodoo v LC, LLC, 116 AD3d 1033, 1034; Jones v New York City Hous. Auth., 293 AD2d 371, 372). Accordingly, I would also deny summary judgment to Fortin on those cross claims, and reinstate such claims as third-party causes of action by Ultimate against Fortin.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1:Ultimate contends, in the alternative, that if this Court were to find that the accident arose from a dangerous premises condition, that it was entitled to summary judgment because it did not create or have notice of the purported dangerous condition. Although we need not reach this contention in light of our determination that the accident was caused by the method and manner of the work, were we to find that the accident arose from a dangerous premises condition, we would nevertheless conclude that Ultimate was entitled to dismissal of the Labor Law § 200 and common-law negligence causes of action, as there are no triable issues of fact as to whether Ultimate created or had notice of the purported dangerous condition, which was created by the plaintiff and Fortin only minutes before the accident.