■ James F. Wynne, Respondent, v B. Anthony Construction Corporation et al., Appellants, et al., Defendants. [862 NYS2d 379]—

In an action to recover damages for personal injuries, the defendants B. Anthony Construction Corporation, A. Servidone, Inc., Servidone Construction Corp., and J. Servidone, Jr., Equipment & Sales Corp. appeal from an order of the Supreme Court, Orange County (Giacomo, J.), dated October 17, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants B. Anthony Construction Corporation, A. Servidone, Inc., Servidone Construction Corp., and J. Servidone, Jr., Equipment & Sales Corp. which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against them and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

On October 25, 2002, the plaintiff was working as a dump

truck driver on a project to construct an exit ramp at the Route 17/Route 94 interchange at Exit 126 in the Town of Chester in Orange County. The plaintiff was employed as a truck driver for nonparty Charles F. O'Neil Printing, Inc., and his job was related to transporting dirt and rock from one area of the worksite to another. The State of New York owned the property. The defendants were the general contractors for the project.

While the plaintiff's fully-loaded dump truck was stopped on the dirt roadway which was to become the exit ramp, the ground underneath the dump truck collapsed when the roof of an underground septic tank or cistern (hereinafter the tank) collapsed. The rear of the truck fell approximately six to seven feet into the ground onto the collapsed roof of the tank while the front end of the truck was thrown upwards. Prior to the accident, the plaintiff had brought two loads to the accident site, and other trucks and equipment traversed the area with no incident. The plaintiff commenced this action against, among others, the appellants, alleging common-law negligence and violations of Labor Law §§ 200, 241 (6) and § 240 (1). The Supreme Court denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.

The appellants were entitled to summary judgment dismissing the plaintiff's cause of action alleging a violation of Labor Law § 240 (1). Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]; *Rocovich v Consolidated Edison Co.*, 167 AD2d 524, 527 [1990]). The plaintiff was not exposed to any risk that the safety devices referenced in Labor Law § 240 (1) would have protected against since he was working at ground level when he was injured (*see DeLeon v State of New York*, 22 AD3d 786, 788 [2005]; *Perron v Hendrickson/Scalamandre/Posillico [TV]*, 22 AD3d 731, 732 [2005]; *Georgopulos v Gertz Plaza, Inc.*, 13 AD3d 478 [2004]; *Miller v Weeden*, 7 AD3d 684, 685-686 [2004]). In opposition to the appellants' establishment, prima facie, of their entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact as to the cause of action alleging a violation of Labor Law § 240 (1).

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). The appellants failed to establish that they complied with the provisions of the Industrial Code upon which the plaintiff relied, or that the alleged rule or regulation alleged to have been breached

did not apply to the facts of this case (*see Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616 [2008]).

With respect to the plaintiff's causes of action to recover damages for common-law negligence and violation of Labor Law § 200, the plaintiff's injuries arose not from the manner in which the work was being performed, but rather, from an allegedly dangerous condition on the property. Under such circumstances, "a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]; *Payne v 100 Motor Parkway Assoc., LLC*, 45 AD3d 550, 553 [2007]). Here, the appellants, as general contractor, established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not have either actual or constructive notice of the allegedly dangerous condition, and the plaintiff failed to raise any issue of fact in opposition (*see Ragone v Spring Scaffolding, Inc.*, 46 AD3d 652, 655 [2007]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d at 708). Skelos, J.P., Miller, Carni and Chambers, JJ., concur.