SECOND DEPARTMENT, JANUARY, 2010

(January 5, 2010)

■ JOSEPH BARILLARO et al., Appellants, v BEECHWOOD RB SHOREHAVEN, LLC, Respondent. (And a Third-Party Action.) [894 NYS2d 434]—

The plaintiff Joseph Barillaro, a plumber's helper, allegedly was injured while working on the construction of a residential development owned by the defendant. On the day he was injured, he was shoveling fill to cover pipes running through a 1½ to 2 feet-deep trench when the ground beneath his feet collapsed. As he fell, he struck his eye on an uncapped rebar (a steel bar used in reinforced concrete) protruding from the foundation next to which the trench ran. He commenced the instant action against the defendant, asserting, inter alia, causes of action pursuant to Labor Law §§ 200, 240 (1), and § 241 (6), and to recover damages for common-law negligence.

" 'Labor Law § 240 (1) was designed to prevent those types of accidents in which the [safety devices enumerated in the statute] proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person' " (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993] [emphasis omitted]). In this case, the defendant made a prima facie showing that the plaintiff was not exposed to any risk that the safety devices referenced in Labor Law § 240 (1) would have protected against (see Wynne v B. Anthony Constr. Corp., 53

AD3d 654, 655 [2008]). In response, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action under Labor Law § 240 (1), and, since the plaintiffs never met their burden, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on that cause of action.

Furthermore, the defendant made a prima facie showing of entitlement to judgment as a matter of law with respect to the plaintiffs' Labor Law § 241 (6) cause of action by demonstrating that 12 NYCRR 23-1.7 (b) (1), which is the only Industrial Code provision upon which the plaintiffs rely in their brief, is inapplicable to the facts of this case. That section provides, inter alia, that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing" (12 NYCRR 23-1.7 [b] [1] [i]). Although this section is sufficiently specific to support a cause of action under Labor Law § 241 (6) (see Scarso v M.G. Gen. Constr. Corp., 16 AD3d 660, 661), a 1½ to 2 feet-deep trench is not a hazardous opening within the meaning of 12 NYCRR 23-1.7 (b) (1) (see Rice v Board of Educ. of City of N.Y., 302 AD2d 578, 579 [2003]; Alvia v Teman Elec. Contr., 287 AD2d 421, 422-423 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing this cause of action as well.

However, the Supreme Court erred in granting those branches of the defendant's cross motion which were for summary judgment dismissing the plaintiffs' Labor Law § 200 and common-law negligence causes of action. In the Supreme Court, in support of these branches of its cross motion, the defendant focused exclusively upon its alleged lack of supervision of, or control over, the injured plaintiff's work. That argument is relevant where the claimed injury arises from the manner in which the work is performed (see Ortega v Puccia, 57 AD3d 54, 60-63 [2008]). Where, as here, the injury arises from an allegedly defective or dangerous condition on the premises, however, such as the uncapped rebar in this case, a property owner such as the defendant will be liable under a theory of common-law negligence, as codified by Labor Law § 200, when the owner created the complained-of condition, or when the owner failed to remedy a dangerous or defective condition of which it had actual or constructive notice (see Bridges v Wyandanch Community Dev. Corp., 66 AD3d 938 [2009]; Aguilera v Pistilli Constr. &

*Dev. Corp.,* 63 AD3d 763, 764 [2009]). Since the defendant failed to address this issue, it did not meet its prima facie burden with respect to those branches of its motion seeking to dismiss the plaintiffs' common-law negligence and Labor Law § 200 causes of action, and they should not have been dismissed (*see Colon v Bet Torah, Inc.,* 66 AD3d 731 [2009]; *Aguilera v Pistilli Constr. & Dev. Corp.,* 63 AD3d at 764-765). Rivera, J.P., Dillon, Miller and Roman, JJ., concur.