■ FREDERIC P. SHAW et al., Appellants-Respondents, v RPA ASSOCIATES, LLC, et al., Respondents-Appellants, and PATRIOT RIDGE DEVELOPMENT, LLC, Defendant/Third-Party Plaintiff-Respondent. ROCKBUSTERS, Doing Business as BRAD HOLLAND, INC., Third-Party Defendant-Respondent. [906 NYS2d 574]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated April 22, 2009, which, upon an order of the same court entered August 12, 2008, as amended November 18, 2008, inter alia, granting the motion of the defendants RPA Associates, LLC, and AVR Realty, and the defendant/third-party plaintiff, Patriot Ridge Development, LLC, for summary judgment dismissing the amended complaint and granting the third-party defendant's cross motion for summary judgment dismissing the third-party complaint, dismissed the

complaint and, in effect, dismissed the third-party complaint; and the defendants RPA Associates, LLC, and AVR Realty cross-appeal from so much of the same judgment as, in effect, dismissed the third-party complaint.

Ordered that the appeal and cross-appeal from so much of the judgment as, in effect, dismissed the third-party complaint are dismissed, as the plaintiffs and the defendants RPA Associates, LLC, and AVR Realty are not aggrieved by that portion of the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants and third-party defendant, payable by the plaintiffs.

The plaintiff Frederic P. Shaw (hereinafter Shaw), allegedly sustained injuries at a construction site when the dump truck that he was operating capsized and loose items in the cab of the truck pinned him down. Shaw, an employee of the third-party defendant, Rockbusters, doing business as Brad Holland, Inc. (hereinafter Rockbusters), claims to have been directed at the time of the accident by a fellow Rockbusters employee. Shaw commenced the instant action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). His wife asserted a derivative claim for loss of services. Patriot Ridge Development, LLC (hereinafter Patriot Ridge), AVR Realty (hereinafter AVR), and RPA Associates, LLC (hereinafter RPA), are affiliate companies. However, Patriot Ridge was the exclusive owner and developer of the land in connection with the construction project, which entered into a subcontractor agreement with Rockbusters. As such, Patriot Ridge brought a third-party action against Rockbusters seeking, inter alia, indemnification. The plaintiffs challenge the Supreme Court's grant of the motion of RPA, AVR, and Patriot Ridge (hereinafter collectively the defendants) for summary judgment dismissing the complaint, as well as the grant of Rockbusters' cross motion for summary judgment dismissing the third-party complaint, and RPA and AVR challenge the grant of Rockbusters' cross motion for summary judgment dismissing the third-party complaint.

The plaintiffs' contention that the Supreme Court erred in granting relief which the defendants did not request in their notice of motion is unavailing. Contrary to the plaintiff's contention, the "wherefore" clause of the attorney's affirmation contains a request that the entire complaint be dismissed. The court may grant relief that is warranted pursuant to a general prayer contained in the notice of motion, "if the relief granted is not too dramatically unlike the relief sought, the proof of-

fered supports it, and there is no prejudice to any party" (*Frankel v Stavsky*, 40 AD3d 918, 918-919 [2007]; *see also Matter of Blauman-Spindler v Blauman*, 68 AD3d 1105, 1106 [2009]; *HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774, 774-775 [1991]). The cause of action seeking damages for common-law negligence implicates the same issues as the cause of action seeking damages for violation of Labor Law § 200, which is but a codification of the common-law duty of a landowner to provide workers with a reasonably safe place to work (*see Ashjian v Orion Power Holdings, Inc.*, 70 AD3d 738, 740 [2010]; *Piedra v Matos*, 40 AD3d 610, 611 [2007]; *Hunter v R.J.L. Dev., LLC*, 44 AD3d 822, 825 [2007]).

Where an alleged defect or dangerous condition arises from the methods or means of the work and the owner exercised no supervisory control over the operation, no liability for negligence attaches to the owner under the common law or under Labor Law § 200 (*see Lombardi v Stout*, 80 NY2d 290 [1992]). Here, the defendants established, prima facie, that neither RPA nor AVR owned the property or directed, supervised, or controlled the work performed by Shaw. In addition, they established, prima facie, that Patriot Ridge did not direct, control, or supervise Shaw's work at the site.

The defendants further established, prima facie, that no liability attaches pursuant to Labor Law § 240 (1) because Shaw's accident did not result from the type of accident "in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993] [internal quotation marks omitted]; *see also Williamson v 16 W. 57th St. Co.*, 256 AD2d 507, 510 [1998]). In driving the truck, Shaw was not subject to the "pronounced risks arising from construction work site elevation differentials" (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 603). In addition, Shaw was not exposed to any risk that the safety devices referenced in Labor Law § 240 (1) would have protected against (*see Barillaro v Beechwood RB Shorehaven, LLC*, 69 AD3d 543 [2010]; *Wynne v B. Anthony Constr. Corp.*, 53 AD3d 654, 655 [2008]).

The defendants further established, prima facie, that no liability attaches pursuant to Labor Law § 241 (6) because the plaintiffs failed to allege a breach of a specific regulation of the Industrial Code (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]). Although the plaintiffs allege violations of regula-

tions promulgated by the Occupational Safety and Health Administration, such alleged violations do not provide a basis for liability under Labor Law § 241 (6) (see Cun-En Lin v Holy Family Monuments, 18 AD3d 800, 802 [2005]; Ferreira v Unico Serv. Corp., 262 AD2d 524, 525 [1999]; Vernieri v Empire Realty Co., 219 AD2d 593, 598 [1995]).

In opposition, the plaintiffs failed to raise a triable issue of fact to defeat the grant of summary judgment on the above claims (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343 [1998]; Comes v New York State Elec. & Gas Corp., 82 NY2d 876 [1993]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494 [1993]).

Since the derivative cause of action is dependent upon Shaw's claims, this cause of action was also properly dismissed (see Baumblatt v Battalia, 134 AD2d 226, 229 [1987]). Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.