ALVIN GARCIA et al., Appellants, v MARKET ASSOCIATES et al., Defendants/Third-Party Plaintiffs-Respondents, and LOWE's HOME CENTERS, INC., Respondent, et al., Defendant. AUGUSIEWICZ CONTRACTING, INC., Third-Party Defendant-Respondent. [998 NYS2d 193]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated November 14, 2012, as granted those branches of the separate motions of the defendants/third-party plaintiffs Market Associates and Rockstone Development Corp., and the defendant

Lowe's Home Centers, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them, and the separate motion of the third-party defendant Augusiewicz Contracting, Inc., for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it, and denied their cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provisions thereof granting that branch of the motion of the defendants/third-party plaintiffs Market Associates and Rockstone Development Corp. which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant/third-party plaintiff Rockstone Development Corp. (hereinafter Rockstone) was the construction manager at a construction site owned by the defendant/third-party plaintiff Market Associates and leased to the defendant Lowe's Home Centers, Inc. (hereinafter Lowe's). The demolition of a shopping center was underway to make way for the construction of a new store for Lowe's. The third-party defendant, Augusiewicz Contracting, Inc. (hereinafter Augusiewicz), was a contractor hired by Market Associates to perform the demolition work. The plaintiff Alvin Garcia (hereinafter the injured plaintiff), a laborer, was employed by Augusiewicz and was assigned to spray the site with water from a water truck to control dust during the demolition work. He allegedly sustained personal injuries when he drove the water truck, which was filled with 5,000 gallons of water, over a concrete slab. The slab, which constituted the concrete flooring of the existing structure, gave way under the weight of the water truck, and the front end of the truck fell through to the basement level. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, asserting causes of action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]). "Generally, to succeed on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish a violation of the statute and that

such violation was a proximate cause of his or her resulting injuries. Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240 (1)" (*Treu v Cappelletti*, 71 AD3d 994, 997 [2010] [citations omitted]).

Market Associates, Rockstone, and Augusiewicz (hereinafter collectively the construction defendants) each established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1). Although, contrary to the Supreme Court's determination, the construction defendants failed to establish, prima facie, that the injured plaintiff's conduct was the sole proximate cause of his injuries (*cf. Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288-289 [2003]; *Singh v City of New York*, 113 AD3d 605 [2014]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 619 [2008]), the construction defendants did establish, prima facie, that the injured plaintiff was not exposed to any risk that safety devices of the kind enumerated in Labor Law § 240 (1) would have protected against (*see Barillaro v Beechwood RB Shorehaven, LLC*, 69 AD3d 543, 543 [2010]; *Wynne v B. Anthony Constr. Corp.*, 53 AD3d 654, 655 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the respective branches of the construction defendants' motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them. Moreover, since the plaintiffs failed to demonstrate that the injured plaintiff was exposed to a risk contemplated by Labor Law § 240 (1), the Supreme Court properly denied their cross motion for summary judgment on the issue of liability on that cause of action.

The construction defendants also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6). The construction defendants each demonstrated, prima facie, that the provisions of 12 NYCRR 23-3.3 (b) (3); (c) and 23-3.4 (b) and (c), relied on by the plaintiffs, are inapplicable, as the hazard arose from the injured plaintiff's actual performance of the demolition work itself, rather than from structural instability caused by the progress of the demolition (*see Maldonado v AMMM Props. Co.*, 107 AD3d 954, 955 [2013]; *Vega v Renaissance 632 Broadway, LLC*, 103 AD3d 883, 885 [2013]; *Bolster v Eastern Bldg. & Restoration, Inc.*, 96 AD3d 1123, 1125 [2012]). In opposition, the plaintiffs failed to raise a triable issue of fact.

However, Market Associates and Rockstone failed to establish

their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. "Labor Law § 200 (1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (*Ortega v Puccia*, 57 AD3d 54, 60 [2008]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 505). "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to exercise supervision and control over the work" (*Rojas v Schwartz*, 74 AD3d 1046, 1046 [2010] [internal quotation marks and citation omitted]; *see DiMaggio v Cataletto*, 117 AD3d 984, 986 [2014]). "Where a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition' " (*DiMaggio v Cataletto*, 117 AD3d at 986, quoting *Rojas v Schwartz*, 74 AD3d at 1047; *see Ortega v Puccia*, 57 AD3d at 61).

"When an accident is alleged to involve defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (*DiMaggio v Cataletto*, 117 AD3d at 986; *see Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52 [2011]). "Defendants moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 and common-law negligence must examine the plaintiff's complaint and bill of particulars to identify the theory or theories of liability, in order to properly direct proof to premises issues, or means and methods issues, or both, as may be indicated on a case-by-case basis" (*Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d at 52).

Here, the plaintiffs' complaint and verified bill of particulars alleged both premises liability and means and methods liability. With respect to premises liability, the plaintiffs alleged, inter alia, that the concrete slab was not sufficiently demarcated from the surrounding areas and therefore constituted a trap. With respect to means and methods liability, the plaintiffs alleged that Market Associates and Rockstone, among others, supervised, controlled, and directed the work performed. To establish their prima facie entitlement to judgment as a matter of law, Market Associates and Rockstone were obligated to address the proof applicable to both liability standards (*see Giovanniello*

*v E.W. Howell, Co., LLC*, 104 AD3d 812, 813-814 [2013]). On their motion, Market Associates and Rockstone addressed the means and methods allegation by contending that they only had general supervisory authority for the purpose of overseeing the progress of the work and inspecting the work product, which is insufficient to impose liability for common-law negligence and under Labor Law § 200 (*see Ortega v Puccia*, 57 AD3d at 62; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 683 [2005]; *Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224 [2004]). However, they failed to address whether they either created the alleged dangerous condition or had actual or constructive notice of it (*see e.g. Wynne v B. Anthony Constr. Corp.*, 53 AD3d at 656). Therefore, these defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, and the Supreme Court should have denied that branch of their motion, regardless of the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Lowe's demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by establishing that, although it was a lessee, it neither contracted for nor supervised and controlled the demolition work on the premises (*see Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316, 320 [2009]; *Wendel v Pillsbury Corp.*, 205 AD2d 527 [1994]), and, therefore, was not an owner or agent within the meaning of the Labor Law (*see* Labor Law §§ 200, 240 [1]; 241 [6]; *Guclu v 900 Eighth Ave. Condominium, LLC*, 81 AD3d 592, 593 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of Lowe's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.