Kickler v Dove-Tree Greenery, Inc. (2020 NY Slip Op 04297)





Kickler v Dove-Tree Greenery, Inc.


2020 NY Slip Op 04297


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-13432
 (Index No. 64341/13)

[*1]William Kickler, appellant, 
v
Dove-Tree Greenery, Inc., et al., respondents, et al., defendants.


Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski of counsel), for appellant.
Edward J. Troy, Greenlawn, NY (Patrick J. Morganelli of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated September 7, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Dove-Tree Greenery, Inc., and PA Lupinacci which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against those defendants.
ORDERED the order is affirmed insofar as appealed from, with costs.
The defendants Vito Rastelli and Josephine Rastelli (hereinafter together the Rastellis) hired the defendants Dove-Tree Greenery, Inc., and PA Lupinacci (hereinafter together the contractors) to install a pool in the backyard of their property. After the pool was installed, the contractors were tasked with building a retaining wall and adding fill to level the Rastellis' backyard. For this purpose, the contractors hired nonparty White Wolf Industries, Inc. (hereinafter White Wolf), to procure and deliver several loads of fill material to the Rastellis' residence.
On October 29, 2011, the plaintiff, who was employed as a driver by White Wolf, delivered two loads of fill to the Rastellis' residence in a truck. The plaintiff delivered the first load of fill without incident. While later attempting to dump the second load of fill in front of the first, the ground beneath the right rear tire of the truck gave way, and the truck tipped on its side. The plaintiff was still inside the cab of the truck, with his hands on the controls, when the truck tipped over.
The plaintiff commenced this personal injury action, asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1). After the completion of discovery, the contractors moved, inter alia, for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them. The plaintiff cross-moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the contractors. In an order dated September 7, 2018, the Supreme Court granted that branch of the contractors' motion and denied the plaintiff's cross motion. The plaintiff appeals.
Contrary to the plaintiff's contention, under the circumstances presented, the contractors established, prima facie, that the plaintiff was not exposed to any risk that safety devices of the kind enumerated in Labor Law § 240(1) would have protected against (see Garcia v Market Assoc., 123 AD3d 661, 663; Shaw v RPA Assoc, LLC, 75 AD3d 634, 636; Wynne v B. Anthony Constr. Corp., 53 AD3d 654). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the contractors' motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them, and to deny the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action insofar as asserted against the contractors.
The plaintiff's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court