Rodriguez v HY 38 Owner, LLC (2021 NY Slip Op 01436)





Rodriguez v HY 38 Owner, LLC


2021 NY Slip Op 01436


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-04160
 (Index No. 507822/16)

[*1]Herman Rodriguez, appellant,
v
HY 38 Owner, LLC, et al., respondents, et al., defendant.


Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for appellant.
London Fischer, LLP, New York, NY (David B. Franklin and Kyle McEwen of counsel), for respondents HY 38 Owner, LLC, and Monadnock Construction, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (David B. Vaughan, J.), entered March 6, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants HY 38 Owner, LLC, and Monadnock Construction, Inc., which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants HY 38 Owner, LLC, and Monadnock Construction, Inc., which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence is denied.
The defendant Monadnock Construction, Inc. (hereinafter Monadnock), was the construction manager at a construction site owned by the defendant HY 38 Owner, LLC (hereinafter HY 38, and hereinafter together with Monadnock, the defendants). Early in the project, the demolition contractor, the defendant World Class Demolition Corporation (hereinafter World Class), built a perimeter fence, which included a gate located on the northern edge of the site, consisting of a double-leaf plywood door. Sometime after World Class completed the demolition work at the site, the plaintiff's employer, nonparty IBK Construction (hereinafter IBK), was hired by Monadnock to perform concrete masonry work. On the date of the accident, the plaintiff was informed by his foreman that one of the leaves of the plywood door had fallen down, and that they had to repair it. While repairing the fallen leaf, the plaintiff was standing in the gateway when the other leaf of the door, which remained affixed to the perimeter fence and was not in need of repair, was blown shut by a gust of wind, striking the plaintiff, and allegedly causing injuries. The plaintiff thereafter commenced this action to recover damages for personal injuries, asserting causes of action alleging, inter alia, violations of Labor Law § 200 and common-law negligence. The defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of the motion. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence [*2]insofar as asserted against them.
The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. "Labor Law § 200 codifies the common-law duty . . . to provide employees with a safe place to work" (Bradley v Morgan Stanley & Co., Inc., 21 AD3d 866, 868; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505), and applies to owners, contractors, and their agents (see Everitt v Nozkowski, 285 AD2d 442, 443). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61). "'[W]hen the manner and method of work is at issue in a Labor Law § 200 analysis' the issue is 'whether the defendant had the authority to supervise or control the work'" (Poalacin v Mall Props., Inc., 155 AD3d 900, 908, quoting Ortega v Puccia, 57 AD3d at 62 n 2). On the other hand, "[w]hen a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable in common-law negligence and under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it" (Abelleira v City of New York, 120 AD3d 1163, 1164; see Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 997).
Where an accident is alleged to involve "defects in both the premises and the manner in which the work was performed, a defendant moving for summary judgment dismissing a cause of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 699; see DiMaggio v Cataletto, 117 AD3d 984, 986). "Defendants moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 and common-law negligence must examine the plaintiff's complaint and bill of particulars to identify the theory or theories of liability, in order to properly direct proof to premises issues, or means and methods issues, or both, as may be indicated on a case-by-case basis" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52; see Garcia v Market Assoc., 123 AD3d 661, 664). Of course, a defendant is not "required to blindly accept a plaintiff's categorization of an accident as either a method and manner case or a dangerous condition case, or both" and may "establish, as part of its prima facie showing, that the accident falls into one of the two broad categories of Labor Law § 200 cases" (Poulin v Ultimate Homes, Inc., 166 AD3d 667, 673; see Paez v Shah, 78 AD3d 673, 674-675).
Here, the plaintiff's complaint and verified bill of particulars sounded almost entirely in premises liability, and alleged, inter alia, that the door was not properly constructed, placed, or secured, and that it lacked adequate securing devices. To establish their prima facie entitlement to judgment as a matter of law, the defendants were obligated to address the proof applicable to the plaintiff's dangerous condition theory of liability, or alternatively, to demonstrate, prima facie, that this case fell only within the ambit of the means and methods category of Labor Law § 200 cases (see Poulin v Ultimate Homes, Inc., 166 AD3d 667, 673; Garcia v Market Assoc., 123 AD3d at 664). On their motion, the defendants summarily concluded that the case exclusively implied a means and methods theory of liability, and contended that they only had general supervisory authority over the work site, which would be insufficient to impose liability for common-law negligence and under Labor Law § 200 in a means and methods case (see Garcia v Market Assoc., 123 AD3d at 665; Ortega v Puccia, 57 AD3d at 62). The defendants, however, failed to address premises liability and whether they either created the alleged dangerous condition or had actual or constructive notice of it (see Garcia v Market Assoc., 123 AD3d at 665). Therefore, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them, and the Supreme Court should have denied that branch of their motion, regardless of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 325; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contention is without merit.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court