Cagua v Bushwick Holdings, LLC (2025 NY Slip Op 02753)

Cagua v Bushwick Holdings, LLC

2025 NY Slip Op 02753

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-07020
 (Index No. 703769/18)

[*1]Luis Cagua, respondent, 
v
Bushwick Holdings, LLC, et al., appellants, et al., defendant (and a third-party action).

Salter & Ingrao, P.C. (Kahana & Feld, LLP, New York, NY [Timothy R. Capowski, Sofya Uvaydov, Sean Harriton, and Emma Schwab], of counsel), for appellants.
Law Offices of Michael S. Lamonsoff, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Joshua Block, and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Bushwick Holdings, LLC, Galaxy Developers, LLC, and Rabsky Harrison, LLC, appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered May 11, 2023. The order, insofar as appealed from, denied those branches of those defendants' cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-2.7(e) insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross-motion of the defendants Bushwick Holdings, LLC, Galaxy Developers, LLC, and Rabsky Harrison, LLC, which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, an employee of M & C Impact Corp. (hereinafter M & C Impact), allegedly was injured while installing a handrail on a permanent staircase located between the first and second floors of a building in Brooklyn owned by the defendant Bushwick Holdings, LLC (hereinafter Bushwick), through its real estate holding company, the defendant Rabsky Harrison, LLC (hereinafter Rabsky). The defendant Galaxy Developers, LLC (hereinafter Galaxy), served as construction manager for the project.
In March 2018, the plaintiff commenced this action to recover damages for personal injuries against Bushwick, Rabsky, and Galaxy (hereinafter collectively the defendants), and another defendant, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Bushwick and Galaxy. The defendants cross-moved, inter alia, for summary judgment dismissing the causes of action alleging common-law [*2]negligence and violations of Labor Law §§ 200 and 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon a violation of 12 NYCRR 23-2.7(e) insofar as asserted against them. In an order entered May 11, 2023, the Supreme Court, among other things, denied those branches of the defendants' cross-motion. The defendants appeal.
"'Labor Law § 240(1) imposes a nondelegable duty [and absolute liability] upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in an elevated work site'" (Verdi v SP Irving Owner, LLC, 227 AD3d 932, 935 [internal quotation marks omitted], quoting Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728). "'Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies'" (Toalongo v Almarwa Ctr., Inc., 202 AD3d 1128, 1130, quoting Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7). "The decisive question in determining liability pursuant to Labor Law § 240(1) 'is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (id., quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603).
Here, in support of their cross-motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff and his coworker, who testified that the plaintiff's accident occurred when another coworker dropped the end of the heavy stairway railing that he and the plaintiff were holding, causing the plaintiff to be pulled down by the weight of the railing. This is the type of gravity-related injury that Labor Law § 240(1) seeks to prevent (see Runner v New York Stock Exch., Inc., 13 NY3d at 605; Kandaytan v 400 Fifth Realty, LLC, 155 AD3d 848, 851; Treile v Brooklyn Tillary, LLC, 120 AD3d 1335, 1337-1338). Contrary to defendants' contention, the fact that the staircase on which plaintiff fell was constructed as a permanent structure does not remove it from the reach of Labor Law § 240(1) (see DaSilva v Toll GC LLC, 224 AD3d 540, 541). Thus, the defendants failed to meet their prima facie burden of establishing that Labor Law § 240(1) was inapplicable on the facts of this case or that their alleged violation of that statute did not proximately cause the plaintiff's injuries. Accordingly, the Supreme Court properly denied that branch of the defendants' cross-motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"Labor Law § 200 'is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work'" (Singh v 180 Varick, LLC, 203 AD3d 1194, 1195, quoting Ortega v Puccia, 57 AD3d 54, 60). "Liability under Labor Law § 200 'generally falls into two broad categories: instances involving the manner in which the work is performed, and instances in which workers are injured as a result of dangerous or defective premises conditions at a work site'" (id. at 1195-1196, quoting Abelleira v City of New York, 120 AD3d 1163, 1164).
Where "an accident is alleged to involve defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Hamm v Review Assoc., LLC, 202 AD3d 934, 938; see Garcia v Market Assoc., 123 AD3d 661, 664). "'Defendants moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 and common-law negligence must examine the plaintiff's complaint and bill of particulars to identify the theory or theories of liability, in order to properly direct proof to premises issues, or means and methods issues, or both, as may be indicated on a case-by-case basis'" (Garcia v Market Assoc., 123 AD3d at 664, quoting Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52; see Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 841-842). "Of course, a defendant is not 'required to blindly accept a plaintiff's categorization of an accident as either a method and manner case or a dangerous condition case, or both' and may 'establish, as part of its prima facie showing, that the accident falls into one of the two broad categories of Labor Law § 200 cases'" (Rodriguez v HY 38 Owner, LLC, 192 AD3d at 841-842, quoting Poulin v Ultimate Homes, Inc., 166 AD3d 667, 673).
A defendant moving for summary judgment in such a case may prevail "'only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard'" (Hamm v Review Assoc., LLC, 202 AD3d at 938, quoting Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52). "Where 'a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation'" (Wilson v Bergon Constr. Corp., 219 AD3d 1380, 1382-1383, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). "'Where a premises condition is at issue, a property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice'" (Khan v Khan, 197 AD3d 1165, 1167, quoting Villada v 452 Fifth Owners, LLC, 188 AD3d 1292, 1294).
Here, the alleged incident related to the means and manner of the work rather than a premises condition (see Wilson v Bergon Constr. Corp., 219 AD3d at 1383; Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d 1187, 1191-1192). The defendants established, prima facie, that they did not have supervisory authority over the means and methods of the plaintiff's work by submitting, among other things, the deposition testimony of a construction site supervisor, the plaintiff's deposition testimony, and the subcontract with the plaintiff's employer, M & C Impact, which provided that M & C Impact alone was responsible for supervising the plaintiff and providing the tools necessary for his work. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' cross-motion which was for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against them.
"'Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers'" (Walsh v Kenny, 219 AD3d 1555, 1556, quoting Aragona v State of New York, 147 AD3d 808, 809). "'To succeed on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident'" (Murphy v 80 Pine, LLC, 208 AD3d 492, 497, quoting Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364).
Here, the plaintiff alleged, inter alia, that his injuries were proximately caused by the defendants' violation of 12 NYCRR 23-2.7(e), which requires, in pertinent part, that "[t]he stairwells of temporary wooden stairways and of permanent stairways where enclosures or guard rails have not been erected shall be provided with a safety railing constructed and installed . . . on every open side." The defendants failed to demonstrate, prima facie, that this regulation was inapplicable or not violated, or that the alleged violation was not a proximate cause of the plaintiff's injuries (see Pereira v Hunt/Bovis Lend Lease Alliance II, 193 AD3d 1085, 1089-1090; Mendez v Vardaris Tech, Inc., 173 AD3d 1004, 1006). Accordingly, the Supreme Court properly denied that branch of the defendants' cross-motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-2.7(e) regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DUFFY, J.P., GENOVESI, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court