Zhivov v Kings Bay Hous. Co., Inc.
2026 NY Slip Op 02871
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Artur Zhivov, et al., respondents-appellants,
v
Kings Bay Housing Co., Inc., appellant-respondent, Kings Bay Section One Land, LLC, respondent (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2024-03258, (Index No. 522061/18)
Francesca E. Connolly, J.P.
Valerie Brathwaite Nelson
Phillip Hom
Elena Goldberg Velazquez, JJ.

Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Kathryn M. Beer and Glenn A. Kaminska], of counsel), for appellant-respondent.
Shulman & Hill, PLLC, New York, NY (Timothy W. Norton of counsel), for respondents-appellants.
Harris Beach PLLC, New York, NY (Brian A. Bender, Brian D. Ginsberg, Brendan P. Hall, and Megan Knepka of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Kings Bay Housing Co., Inc., appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated April 10, 2024. The order, insofar as appealed from, granted that branch of the motion of the plaintiff Artur Zhivov which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Kings Bay Housing Co., Inc., and denied those branches of the cross-motion of the defendant Kings Bay Housing Co., Inc., which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. The order, insofar as cross-appealed from, denied that branch of the motion of the plaintiff Artur Zhivov which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Kings Bay Section One Land, LLC, and granted that branch of the motion of the defendant Kings Bay Section One Land, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED, that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the plaintiff Artur Zhivov which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Kings Bay Housing Co., Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiffs to the defendant Kings Bay Section One Land, LLC.
In June 2017, the plaintiff Artur Zhivov (hereinafter the plaintiff) allegedly was injured in a certain apartment in a building owned by the defendant Kings Bay Housing Co., Inc. [*2](hereinafter KB Housing), a cooperative corporation, in connection with a renovation project. The plaintiff alleged that while doing demolition work, he fell from an unsecured A-frame ladder due to an uneven floor. The defendant Kings Bay Section One Land, LLC (hereinafter KB Section One), owns the land underneath the building and leases it to KB Housing.
In November 2018, the plaintiff, and his wife suing derivatively, commenced this personal injury action against KB Section One and KB Housing. The complaint asserted causes of action, inter alia, to recover damages for common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6).
Thereafter, the plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). KB Section One opposed the plaintiff's motion and moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. KB Housing also opposed the plaintiff's motion and cross-moved, among other things, for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it.
In an order dated April 10, 2024, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against KB Housing, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against KB Section One, granted that branch of KB Section One's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, and denied those branches of KB Housing's cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. KB Housing appeals, and the plaintiffs cross-appeal.
"Labor Law § 240(1) 'imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks'" (Keen v Tishman Constr. Corp. of N.Y., 233 AD3d 1001, 1002, quoting Saint v Syracuse Supply Co., 25 NY3d 117, 124). "'To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries'" (id., quoting Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 748). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her injuries, there can be no recovery under Labor Law § 240(1)" (id. at 1003; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) by submitting, among other things, his deposition testimony, which demonstrated that he had been working on a ladder when it started shaking, causing him to fall (see Keen v Tishman Constr. Corp. of N.Y., 233 AD3d at 1002; Fuentes v 257 Toppings Path, LLC, 225 AD3d at 748).
However, in opposition, the defendants each raised a triable issue of fact as to whether the accident occurred at all, through the submission of, inter alia, the deposition testimony of the plaintiff's boss, Boris Levin. KB Section One also submitted video evidence that showed the plaintiff leaving the building after the alleged accident under his own power and without any sign of injury. Contrary to the plaintiffs' contention, Levin's testimony was not incredible as a matter of law (see Schultheis v Arcate, 216 AD3d 1018, 1019) and the video evidence was properly authenticated (see People v Abrams, 231 AD3d 963, 964; Read v Ellenville Natl. Bank, 20 AD3d 408, 409).
A fee owner landlord may be liable under the Labor Law "regardless of whether the property was leased out and controlled by another entity or whether the owner had the means to protect the worker" (Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 340; see Churaman v C & B Elec., Plumbing & Heating, Inc., 142 AD3d 485, 485; Bermejo v New York City Health & [*3]Hosps. Corp., 119 AD3d 500, 502).
"[O]wnership of the premises where the accident occurred—standing alone—is not enough to impose liability under Labor Law § 241(6) where the property owner did not contract for the work resulting in the plaintiff's injuries; that is, ownership is a necessary condition, but not a sufficient one" (Morton v State of New York, 15 NY3d 50, 56). "A noncontracting owner, one who does not hire contractors or agents to accomplish the work, will be liable under the Labor Law only where there exists 'some nexus between the owner and the worker, whether by a lease agreement or grant of an easement or other property interest'" (Paul v Village of Quogue, 178 AD3d 942, 943-944, quoting Morton v State of New York, 15 NY3d at 56; see Guryev v Tomchinsky, 20 NY3d 194; Bermejo v New York City Health & Hosps. Corp., 119 AD3d at 502). Additionally, "[l]iability under the Labor Law as an owner, however, turns in every case on sometimes fine distinctions relating to ownership of the premises and control of the injury-producing work" (Guryev v Tomchinsky, 20 NY3d at 201).
Here, KB Section One demonstrated, prima facie, that it was not liable for the plaintiff's alleged injuries. KB Section One's submissions demonstrated that it did not contract to have the work performed and that it did not have authority to supervise or control the work being done. Further, KB Section One demonstrated that it was solely the landowner, that it was not an entity that had an interest in the building, and that the apartment unit was real property separate and apart from the land beneath the building (see id.). Further, KB Section One demonstrated that its status as the owner of the underlying land did not provide a sufficient nexus to the plaintiff's alleged injuries, since the lease between KB Section One and KB Housing was only as to the land and had no involvement with the building or any of the apartment units. In opposition, the plaintiff failed to raise a triable issue of fact.
"'Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed'" (Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 841, quoting Ortega v Puccia, 57 AD3d 54, 61). "Where an accident is alleged to involve 'defects in both the premises and the manner in which the work was performed, a defendant moving for summary judgment dismissing a cause of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards'" (id., quoting Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 699). "'A defendant moving for summary judgment in such a case may prevail only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard'" (Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 998 [internal quotation marks omitted], quoting Giovanniello v E.W. Howell, Co., LLC, 104 AD3d 812, 814).
Here, the plaintiff alleged defects in both the premises and the manner in which the work was performed, and, therefore, KB Housing was required to eliminate all triable issues of fact as to both relevant standards (see id.).
"'[W]hen a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable in common-law negligence and under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it'" (Rodriguez v HY 38 Owner, LLC, 192 AD3d at 841, quoting Abelleira v City of New York, 120 AD3d 1163, 1164; see Khan v Khan, 197 AD3d 1165, 1167-1168; Marquez v L & M Dev. Partners, Inc., 141 AD3d at 698-699). "A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (Titov v V & M Chelsea Prop., LLC, 230 AD3d 614, 618 [internal quotation marks omitted]; see Valentin v Stathakos, 228 AD3d 985, 988). In order to obtain summary judgment, the owner has the burden of establishing that it did not create the dangerous condition and that it lacked actual or constructive notice of it (see Costa v Sterling Equip., Inc., 123 AD3d 649, 650).
Here, KB Housing failed to establish, prima facie, that it lacked constructive notice of an allegedly dangerous condition that contributed to the plaintiff's accident. KB Housing failed to offer proof as to when the apartment floor was last inspected or viewed by maintenance staff such that the dangerous condition could have been discovered upon a reasonable inspection (see White v Village of Port Chester, 92 AD3d 872, 876). Further, KB Housing did not offer any proof demonstrating that the defect would not have been discovered upon a reasonable inspection (see Bonkoski v Condos Bros. Constr. Corp., 216 AD3d 612, 616; Zholanji v 52 Wooster Holdings, LLC, 188 AD3d 1300, 1302). Accordingly, the Supreme Court properly denied those branches of KB Housing's cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court